## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN GUILLERMO GUERRERO ZARATE and MELANI YIZETH SEGURA MIQUEPA, individually and on behalf of all others similarly situated, | No. |
| Plaintiffs, | CLASS/COLLECTIVE ACTION |
| v. | JURY TRIAL DEMANDED |
| SUMMIT DEMOLITION LLC D/B/A SUMMIT DEMOLITION CONTRACTORS, LLC, CHUCK BEAUDET, and MIKE KEENAN, | |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Juan Guillermo Guerrero Zarate and Melani Yizeth Segura Miquepa ("Plaintiffs"), through their undersigned counsel, file this Complaint against Defendants Summit Demolition LLC d/b/a Summit Demolition Contractors, LLC, Chuck Beaudet, and Mike Keenan (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101 *et seq*. Plaintiff Guerrero Zarate, on his own behalf, alleges violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq* and § 5(a) of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA").[1] Plaintiff Guerrero Zarate also

---

[1] Plaintiff Guerrero Zarate's claims under the PHRA are referenced herein for notice purposes. Plaintiff Guerrero Zarate is required to wait one (1) year before initiating a lawsuit from the date of dual filing his administrative charge with the Pennsylvania Human Relations Commission. Plaintiff Guerrero Zarate must, however, file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under Title VII, and because his wage claims are subject to a finite statute of limitations. Plaintiff Guerrero Zarate's PHRC claims will mirror

alleges that Chuck Beaudet and Mike Keenan aided and abetted the unlawful discrimination in violation of § 5(e) of the PHRA.

Plaintiffs' FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and federal Rule 23 class action claims may proceed together in same lawsuit). Plaintiff Guerrero Zarate brings his Title VII and PHRA claims individually.

## PARTIES

**Plaintiffs**

*Juan Guillermo Guerrero Zarate*

1. Plaintiff Juan Guillermo Guerrero Zarate ("Plaintiff Guerrero Zarate") is a resident of Pennsylvania.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff Guerrero Zarate has consented to be a plaintiff in this action. *See* Exhibit "A."

3. Plaintiff Guerrero Zarate worked for Defendants from approximately 2022 through approximately November 2024.

4. Plaintiff Guerrero Zarate was hired by Defendants as a laborer and machine operator.

5. Plaintiff Guerrero Zarate's duties entailed removing walls and structures, digging, cleaning, and other physical labor involved in demolition and excavation.

6. Plaintiff Guerrero Zarate was paid at a rate of $26 per hour.

---

his federal Title VII claims and will also include an aiding abetting claim under the PHRA against Defendants Chuck Beaudet and Mike Keenan.

7. At all times relevant to this litigation, Plaintiff Guerrero Zarate was an employee of Defendants within the meaning of the PMWA, 43 P.S. § 333.103(h), and the FLSA, 29 U.S.C. § 203(e).

8. Plaintiff Guerrero Zarate, as well as most of Defendants' employees ("Hourly Workers"), was classified as non-exempt and was paid an hourly wage.

*Melani Yizeth Segura Miquepa*

9. Plaintiff Melani Yizeth Segura Miquepa ("Plaintiff Segura Miquepa") is a resident of Pennsylvania.

10. Pursuant to 29 U.S.C. § 216(b), Plaintiff Segura Miquepa has consented to be a plaintiff in this action. *See* Exhibit "B."

11. Plaintiff Segura Miquepa worked for Defendants from approximately 2023 through approximately May 2024.

12. Plaintiff Segura Miquepa was hired by Defendants as a laborer.

13. Plaintiff Segura Miquepa's duties entailed removing walls and structures, digging, cleaning, and other physical labor involved in demolition and excavation.

14. Plaintiff Segura Miquepa was paid at a rate of $16 per hour.

15. At all times relevant to this litigation, Plaintiff Segura Miquepa was an employee of Defendants within the meaning of the PMWA, 43 P.S. § 333.103(h), and the FLSA, 29 U.S.C. § 203(e).

16. Plaintiff Segura Miquepa, as well as most of Defendants' employees ("Hourly Workers"), was classified as non-exempt and were paid an hourly wage.

**Defendants**

*Defendant Summit Demolition, LLC*

17. Defendant Summit Demolition, LLC d/b/a Summit Demolition Contractors, LLC ("Summit Demolition") is a Pennsylvania corporation with a registered address of 3658 Chimney Swift Drive, Huntingdon Valley, PA 19006.

18. Summit Demolition maintains a headquarters at 395 Jacksonville Road, Warminster, PA 18974.

19. Summit Demolition's PA Entity ID is 4191200.

20. Upon information and belief, at all relevant times Summit Demolition had annual gross sales that exceeded $500,000.

21. Summit Demolition employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as described by 29 U.S.C. §§ 206-207.

22. At all relevant times, Defendant Summit Demolition was an employer of Plaintiffs within the meaning of the PMWA, and the FLSA. *See* 43 P.S. § 333.103(g); 29 U.S.C. § 203(d).

23. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

*Defendant Chuck Beaudet*

24. Upon information and belief, Defendant Chuck Beaudet is domiciled in and a resident of Pennsylvania.

25. Upon information and belief, Defendant Beaudet is the Principal and/or Owner of Summit Demolition.

26. At all relevant times, Defendant Beaudet held and exercised the authority to discipline, hire, and fire employees of Summit Demolition, including Plaintiffs, and he acted directly or indirectly in the interest of Summit Demolition. Defendant Beaudet also had the authority to determine employees' rate and method of payment, as well as employees' work schedules.

27. At all relevant times Defendant Beaudet was an employer within the meaning of the PMWA and the FLSA. *See* 43 P.S. § 333.103(g); 29 U.S.C. § 203(d).

*Defendant Mike Keenan*

28. Upon information and belief, Defendant Keenan is domiciled in and a resident of Pennsylvania.

29. Upon information and belief, Defendant Keenan is the General Manager of Summit Demolition.

30. At all relevant times, Defendant Keenan held and exercised the authority to discipline, hire, and fire employees of Summit Demolition, including Plaintiffs, and he acted directly or indirectly in the interest of Summit Demolition. Defendant Keenan also had the authority to determine employees' rate and method of payment, as well as employees' work schedules.

31. At all relevant times Defendant Keenan was an employer within the meaning of the PMWA and the FLSA. *See* 43 P.S. § 333.103(g); 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

32. This Court has original subject matter jurisdiction over the FLSA and Title VII claims pursuant to 28 U.S.C. § 1331.

33. This Court has supplemental jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367.

34. The PMWA claim is so closely related to the FLSA and Title VII claims that it forms part of the same case or controversy under Article III of the United States Constitution.

35. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because the Defendants reside in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

36. This Court has personal jurisdiction over this matter because the Defendants are in this District, because the Defendants conduct substantial business activity in this District, and because many of the unlawful acts which gave rise to the claims alleged and described herein occurred in this District.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

37. All paragraphs are incorporated as though fully set forth herein.

38. Plaintiff Guerrero Zarate has fully exhausted his administrative remedies with respect to his Title VII claims.

39. Plaintiff Guerrero Zarate dual filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Pennsylvania Human Relations Commission (hereinafter "PHRC"). The EEOC assigned the Charge of Discrimination the number 530-2025-05210. A true and correct copy of Plaintiff Guerrero Zarate's Charge of Discrimination is attached hereto as Exhibit "C."

40. On or about April 16, 2025, the EEOC issued to Plaintiff Guerrero Zarate a Notice of Right to Sue, a true and correct copy of which is attached hereto as Exhibit "D."

41. Plaintiff Guerrero Zarate filed this Complaint within ninety (90) days of receipt of the Notice of Right to Sue relative to Charge No. 530-2025-05210.

42. Accordingly, Plaintiff Guerrero Zarate has fully complied with all administrative prerequisites for the commencement of this action.

## CLASS DEFINITIONS

43. Plaintiffs bring Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and the following class:

> **All current or former non-exempt hourly Summit Demolition employees who worked for Summit Demolition during any workweek within the period commencing three years prior to the filing of this lawsuit (the "FLSA Class").**

44. Plaintiffs bring Counts II of this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and the following class:

> **All current or former non-exempt hourly Summit Demolition employees who worked for Summit Demolition during any workweek within the period commencing three years prior to the filing of this lawsuit (the "State Law Class").**

45. The FLSA Class and State Law Class are collectively referred to as the "Classes."

46. Plaintiffs reserve the right to redefine the Classes prior to notice or class certification, and thereafter, as may be warranted or necessary.

## FACTS

*Allegations Related to Wage Claims*

47. Defendant Summit Demolition provides excavation and demolition services for residential and commercial projects.[2]

48. Defendants maintain a headquarters location at 395 Jacksonville Road, Warminster, PA 18974.

49. Most of Defendants' employees, including Plaintiffs, are classified as non-exempt and are paid an hourly wage ("Hourly Workers").

50. Hourly Workers typically worked Monday through Saturday – six (6) days per week. Hourly Workers sometimes also worked Sundays.

51. Hourly Workers typically worked at least 8 hours per day at the worksite.

52. In addition to working at least 8 hours per day at the worksite, some Hourly Workers are required to spend additional time driving between the 395 Jacksonville Road headquarters and worksites. Hourly Workers are not compensated for time spent driving.

53. Plaintiffs' payday occurred weekly on Friday.

54. As a result of the above-described scheduling practices, Hourly Workers routinely worked more than 40 hours in a workweek.

55. Defendants did not pay Hourly Workers an overtime premium of one and one-half times their regular rate of pay for hours worked over forty in a week.

56. Defendants knew or absent their own recklessness should have known that Hourly Workers are not exempt from the PMWA and FLSA overtime requirements.

---

[2] *See* https://summitdemolition.com/about-us/ (last visited May 19, 2025)

57. By failing to pay overtime premiums to Hourly Workers, Defendants have acted willfully and with reckless disregard to clearly applicable PMWA and FLSA provisions.

58. Defendants failed to make, keep and preserve records with respect to Hourly Workers sufficient to determine their lawful wages, actual hours worked and other conditions of employment as required by state and federal law. *See* 43 P.S. § 333.108 and 34 Pa. Code § 231.31 (requiring employers to maintain payroll records including the exact number of hours worked each day and each week) and 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

*Allegations Related to Discrimination Claims*

59. Throughout Plaintiff Guerrero Zarate's employment with Defendants, he was subjected to different treatment, harassed, demeaned, and degraded by Defendants based on his race, color, and/or national origin.

60. Defendant Keenan called Plaintiff Guerrero Zarate and Plaintiff Guerrero Zarate's colleagues "fucking Mexicans," "motherfuckers," and other offensives, hostile, and discriminatory names. Defendant Beaudet also yelled at and directed demeaning profanities toward Plaintiff Guerrero Zarate.

61. Defendant Keenan used physical force and the threat thereof to intimidate non-white, non-American workers.

62. Defendant Beaudet observed Defendant Keenan's mistreatment of Plaintiff Guerrero Zarate, but did not remediate the mistreatment and in fact joined in.

63. Plaintiff Guerrero Zarate and other non-white, non-American workers were assigned the most demanding and degrading tasks at the worksite, including digging manually.

64. Defendants applied favorable work rules and policies to white American workers. For example, white American workers were permitted to take frequent breaks and smoke at the worksite, while Plaintiff Guerrero Zarate and his non-white, non-American colleagues were not permitted to do so.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

65. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

66. Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

67. Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

68. Specifically, Defendants failed to pay overtime at time and a half (1½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

69. The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' business records and the records of any payroll companies Defendants use.

70. Defendants employ many FLSA Class Members. These similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail

and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS

71. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the State Law Class as defined above.

72. This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

73. The Class is so numerous that joinder of all members is impracticable because, on information and belief, it includes more than forty individuals, all of whom are readily ascertainable from Summit Demolition's business records.

74. There are questions of law or fact common to the Class, including but limited to whether Summit Demolition is a covered employer under the Pennsylvania Minimum Wage Act and whether Summit Demolition paid Hourly Workers overtime premiums as required by law.

75. Plaintiffs have claims typical of the Class because their claims arise from the same common policies, or lack thereof, that affected all members of the Class

76. Plaintiffs and their lawyers will fairly and adequately protect the interests of the Class because Plaintiffs are represented by class action counsel with the experience and resources required to litigate this case, and Plaintiffs and their counsel are free of conflicts of interest that would impede their vigorous pursuit of this matter.

77. A class action provides a fair and efficient method for adjudicating this controversy because, among other things, common questions of law and fact predominate over any questions

affecting Plaintiffs or any other individual Class member; the monetary damages sought are readily calculatable and attributable to Class members; and maintenance of the instant litigation protects against the risk of inconsistent or varying adjudications that might result if individual Class members were to commence independent actions.

78. Moreover, because Summit Demolition conducts a substantial amount of business in this District, this Court is an appropriate forum for the litigation of the claims of the entire Class.

79. Finally, the complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of litigating this controversy as a class action. In the instant action, Plaintiffs will seek and present evidence concerning Summit Demolition's common timekeeping, compensation, and payroll practices. Gathering and presenting this evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings or to joinder of many individuals with separate counsel, presents fewer management difficulties, and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each Class member, and meets all due process requirements as to fairness to Summit Demolition.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(All Defendants)**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. The FLSA requires that covered employees be compensated for all hours worked exceeding forty in a workweek at a rate no less than one and one-half times the employee's regular rate of pay. *See* 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 552.100.

82. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d).

83. At all relevant times, each of the Defendants were, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203.

84. At all relevant times, Summit Demolition engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. *See* 29 U.S.C. § 203.

85. Upon information and belief, at all relevant times Summit Demolition's annual gross volume of sales made or business done exceeded $500,000.

86. At all relevant times, Plaintiffs and Hourly Workers were employees whose job duties made them covered by the overtime protections of the FLSA. *See* 29 U.S.C. § 207(a)(1).

87. Defendants regularly required, suffered, and permitted Plaintiffs and Hourly Workers to work more than forty hours per workweek.

88. Defendants failed to pay Plaintiffs and Hourly Workers at a rate not less than one and one-half times their regular wage rate for all hours worked above forty in a workweek, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 552.100 and § 778.112.

89. Plaintiffs and Hourly Workers are not exempt from the requirements of the FLSA. Plaintiffs and Hourly Workers are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

90. Defendants also failed to create, keep and preserve records with respect to work performed by Plaintiffs and Hourly Workers sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

91. In violating the FLSA, Defendants acted intentionally, willfully, and with reckless disregard of clearly applicable FLSA provisions.

92. As a result of these violations, Plaintiffs and Hourly Workers suffered damages.

93. Plaintiffs and Hourly Workers are entitled to an award of damages for unpaid wages due plus liquidated damages in an equal amount and interest, as well as attorneys' fees, in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT II
## Violation of the Pennsylvania Minimum Wage Act
## (All Defendants)

94. All previous paragraphs are incorporated as though fully set forth herein.

95. The PMWA requires that covered employees be compensated for all hours worked in excess of forty per workweek at a rate not less than one and one-half times their regular rate of pay. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

96. Defendants are employers within the meaning of 43 P.S. § 333.103(g).

97. Plaintiffs and Class Members are not exempt from the PMWA.

98. At all relevant times, Plaintiffs and Class Members were covered employees entitled to the PMWA's above-described protections. *See* 43 P.S. § 333.103(h).

99. At all relevant times, Defendants employed Plaintiffs and Class Members. Defendants regularly required, suffered, and permitted Plaintiffs and Class Members to work in excess of forty hours per week.

100. Defendants failed to pay Plaintiffs and Hourly Workers at a rate not less than one and one-half times their regular wage rate for all hours worked above forty in a workweek. *See* 43 P.S. § 333.104(c); 34 Pa. Code § 231.31.

101. Defendants acted intentionally, willfully, and with reckless disregard of clearly applicable PMWA provisions.

102. As a consequence of Defendants' violations of their rights under the PMWA, Plaintiffs and Hourly Workers are entitled to their unpaid overtime wages, along with attorneys' fees and costs of the court, pursuant to 43 P.S. § 333.113.

## COUNT III
### Hostile Work Environment in Violation of Title VII of the Civil Rights Act
### Plaintiff Guerrero Zarate Against Defendant Summit Demolition

103. All paragraphs are incorporated as though fully set forth herein.

104. Defendant Summit Demolition engaged in unlawful discrimination on the basis of race, color, and/or national origin in violation of Section 703(a) of Title VII of the Civil Rights Act, as amended. 42 U.S.C. § 2000e-2(a).

105. Plaintiff Guerrero Zarate is Hispanic, brown-skinned, and of Mexican origin.

106. Plaintiff Guerrero Zarate was subjected to consistent and unwelcome insults, verbal harassment, and abuse, which created a hostile work environment. *See supra* ¶¶ 59-64.

107. The harassment was severe, pervasive, and regular.

108. The discriminatory practices described above were unwelcome and offensive.

109. The harassment was so severe or pervasive that a reasonable person in Plaintiff Guerrero Zarate's position would find Plaintiff Guerrero Zarate's work environment to be hostile or abusive.

110. Plaintiff Guerrero Zarate believed his work environment to be hostile or abusive because of Defendant Summit Demolition's conduct.

111. Defendant Summit Demolition failed to remediate the pervasive harassment in the workplace.

112. Defendant Summit Demolition's actions are in violation of Title VII.

113. Defendant Summit Demolition's unlawful employment practices were committed intentionally.

114. Defendant Summit Demolition's unlawful employment practices were committed with malice or with reckless indifference to Plaintiff Guerrero Zarate's federally protected rights.

115. Defendant Summit Demolition is vicariously liable for the harassing conduct of its supervisory employees, Defendant Beaudet and Defendant Keenan.

116. Defendant Summit Demolition is directly liable for its failure to take action reasonably calculated to ending such conduct and preventing its reoccurrence, in response to the harassing conduct of which it knew or reasonably should have known.

117. As a direct and proximate result of Defendant Summit Demolition's conduct, Plaintiff Guerrero Zarate has suffered damages including extreme emotional pain and suffering, humiliation, inconvenience, and like injuries.

## COUNT IV
### Constructive Discharge in Violation of Title VII of the Civil Rights Act
### Plaintiff Guerrero Zarate Against Defendant Summit Demolition

118. All paragraphs are incorporated as though fully set forth herein.

119. Defendant Summit Demolition engaged in unlawful discrimination on the basis of race, color, and/or national origin in violation of Section 703(a) of Title VII of the Civil Rights Act, as amended. 42 U.S.C. § 2000e-2(a).

120. Plaintiff Guerrero Zarate is Hispanic, brown-skinned, and of Mexican origin.

121. In November 2024, Defendant Summit Demolition constructively discharged Plaintiff Guerrero Zarate by subjecting him to intolerable harassment and mistreatment on the basis of race, color, and/or national origin.

122. Plaintiff Guerrero Zarate resigned because the harassment and mistreatment he experienced was unbearable and compelled him to resign.

123. Defendant Summit Demolition's actions toward Plaintiff Guerrero Zarate were undertaken with malice and/or reckless indifference to Plaintiff Guerrero Zarate's federally protected rights.

124. As a direct and proximate result of Defendant Summit Demolition's conduct, Plaintiff Guerrero Zarate has suffered extreme emotional distress, lost wages, humiliation, inconvenience, and like injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully seek the following relief:

125. On behalf of themselves and the Classes, monetary damages for unpaid overtime wages, plus liquidated damages in an equal amount and interest, and attorneys' fees and costs of court, as provided by the FLSA;

126. On behalf of themselves and the Classes, actual unpaid overtime wages, liquidated damages and interest, and attorneys' fees and costs of court, as provided by the PMWA;

127. On behalf of Plaintiff Guerrero Zarate, damages for past and future monetary losses as a result of Summit Demolition's unlawful discrimination, compensatory damages, punitive damages, liquidated damages, emotional pain and suffering, a permanent injunction enjoining Summit Demolition from violating Title VII, an award of costs including reasonable attorneys' fees to the extent allowable by law, and pre-judgment and post-judgment interest to the extent provided by law;

128. On behalf of themselves and the Classes, such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of twelve members for all issues of fact.

Respectfully submitted,

**WILLIG, WILLIAMS & DAVIDSON**

*/s/ Samuel H. Datlof*
Ryan Allen Hancock (PA Bar No. 92590)
Samuel H. Datlof (PA Bar No. 324716)
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3613
rhancock@wwdlaw.com
sdatlof@wwdlaw.com

Dated: May 19, 2025

*Attorneys for Plaintiffs and the Proposed Class*